**Slip Op. 12-158**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., : : Plaintiff, : : v. : Consol. Court No.: 11-00006 : UNITED STATES, : : Defendant, : : and : : US MAGNESIUM, LLC, : : Defendant-Intervenor. : | |

**OPINION AND ORDER**

**Held:** Plaintiff's motion for reconsideration is denied.

Dated: December 21, 2012

Riggle & Craven, (David A. Riggle) for Tianjin Magnesium International Co., Ltd., Plaintiff.

Stuart F. Delery, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Renee Gerber); Office of Chief Counsel for Import Administration, United States Department of Commerce, Thomas M.Beline, Of Counsel, for the United States, Defendant.

King & Spalding, LLP, (Stephen A. Jones and Jeffrey B. Denning) for US Magnesium, LLC, Defendant-Intervenor.

**TSOUCALAS, Senior Judge**: In Tianjin Magnesium International Co. v. United States, 36 CIT   , 844 F. Supp. 2d 1342 (2012) ("Tianjin I"), this court remanded to the Department of Commerce ("Commerce") in Pure Magnesium from the People's Republic of China:

**Court No. 11-00006** Page 2

Final Results of the 2008-2009 Antidumping Duty Administrative Review of the Antidumping Order, 75 Fed. Reg. 80,791 (Dec. 23, 2010). Specifically, the court directed Commerce to reconsider its inconsistent application of adverse facts available against plaintiff Tianjin Magnesium International Co. ("TMI") despite persistent fraudulent conduct in multiple proceedings below. The court also directed parties to file comments within thirty days from the date the results were filed and to file any rebuttal comments within fifteen days thereafter. Commerce filed the remand results on August 8, 2012.

On October 1, 2012, TMI filed a consent motion for extension of time, ostensibly to allow it additional time to receive and review the official record pertaining to the remand determination. Dkt. 92 at 1-2. The court granted the motion, establishing October 15, 2012 as the comment deadline and November 9, 2012 as the response deadline. Defendant-intervenor US Magnesium LLC timely filed its comments in support of the remand determination on October 15, 2012, and Commerce timely responded thereto on November 6, 2012. TMI failed to comment or respond at all. As no party objected, this court upheld the remand determination in its entirety in Tianjin Magnesium International Co. v. United States, 36 CIT   , Slip. Op. No. 12-143 (Nov. 21, 2012) (not reported in the Federal Supplement) ("Tianjin II").

Even though it did not object to the remand determination

within the time frame it requested, Dkt. 92 at 1–3, TMI now moves for reconsideration of this court's order in Tianjin II under USCIT R. 59.  Pl.'s Mot. Recons.  TMI bases its motion on USCIT R. 46, which states that "[f]ailing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made." Id. at 2 (quoting USCIT R. 46) (emphasis added, alteration in original).

Reconsideration under USCIT R. 59 is within the court's sound discretion.  Dorsey v. U.S. Sec'y of Agric., 32 CIT 270, 270 (2008) (not reported in the Federal Supplement).  Although this Court may exercise such discretion "to rectify 'a significant flaw in the conduct of the original proceeding,'" id. (quoting W.J. Byrnes & Co. v. United States, 68 Cust. Ct. 358, 358 (1972)), "[t]he purpose of a rehearing is not to relitigate the case." NEC Corp. v. Dep't of Commerce, 24 CIT 1, 2, 86 F. Supp. 2d 1281, 1282 (2000) (quoting Asociacion Colombiana de Exportadores de Flores v. United States, 22 CIT 2, 2, 994 F. Supp. 393, 394 (1998)).

Despite its curious assertion to the contrary, TMI had a full opportunity to present its arguments before the deadline it requested.  As TMI fails now to present any new factual or legal authority that was unavailable at the time its objections were due, see Ford Motor Co. v. United States, 34 CIT   ,   , 751 F. Supp. 2d 1316, 1318 (2010) (denying reconsideration where, among other things, movant failed to present new factual or legal authority

demonstrating that prior order was manifestly erroneous), TMI's motion for reconsideration must be denied.

As a final courtesy, TMI is once again warned that its frivolous conduct is unacceptable and potentially within the scope of the court's authority to impose sanctions under USCIT R. 11(c). See USCIT R. 11(b)(2), (c).

## ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that plaintiff Tianjin Magnesium International Co., Ltd.'s motion for rehearing is denied, and it is further

**ORDERED** that defendant Department of Commerce and defendant-intervenor US Magnesium LLC shall have twenty (20) days after the filing of this order to submit their affidavits of itemized costs and counsel fees pursuant to USCIT R. 54(d) as the court previously directed in Tianjin Magnesium International Co. v. United States, 36 CIT   , Slip. Op. No. 12-143 (Nov. 21, 2012); and it is further

**ORDERED** that plaintiff Tianjin Magnesium International Co. Ltd. shall have fourteen (14) days to respond thereto.

                                        /s/ NICHOLAS TSOUCALAS
                                         **Nicholas Tsoucalas**
                                           **Senior Judge**

**Dated: December 21, 2012**
       **New York, New York**